IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZENITH ELECTRONICS LLC, PANASONIC CORPORATION, U.S. PHILIPS CORPORATION, and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>      *Plaintiffs*,<br><br>v.<br><br>CURTIS INTERNATIONAL LTD.,<br><br>      *Defendant*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Zenith Electronics LLC ("Zenith"), Panasonic Corporation ("Panasonic"), U.S. Philips Corporation ("Philips"), and The Trustees of Columbia University in the City of New York ("Columbia University"), by their undersigned attorneys, for their complaint against defendant Curtis International Ltd. ("Curtis"), hereby allege as follows:

## PARTIES

1. Plaintiff Zenith is a Delaware limited liability company, having its principal place of business in Lincolnshire, Illinois.

2. Plaintiff Panasonic is a Japanese corporation, having its principal place of business in Osaka, Japan.

3. Plaintiff Philips is a Delaware corporation, having its principal place of business in Briarcliff Manor, New York.

4. Plaintiff Columbia University is a not-for-profit New York corporation, having its principal place of business in New York, New York.

5. Defendant Curtis, upon information and belief, is incorporated under the laws of Ontario, Canada, and has its principal place of business in Toronto, Ontario, Canada.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

7. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

9. The Court has personal jurisdiction over Curtis because Curtis, among other things, conducts business in, and avails itself of the laws of, the State of Florida. In addition, upon information and belief, Curtis through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

## PATENTS-IN-SUIT

10. United States Patent No. 5,802,107, entitled "Symbol Rotator" (hereinafter, "the '107 patent") was duly and legally issued on September 1, 1998. A copy of the '107 patent is attached hereto as Exhibit 1.

11. United States Patent No. 5,629,958, entitled "Data Frame Structure and Synchronization System for Digital Television Signal" (hereinafter, "the '958 patent") was duly and legally issued on May 13, 1997. A copy of the '958 patent is attached hereto as Exhibit 2.

12. United States Patent No. Reissue 42,643, entitled "Communication System" (hereinafter, "the '643 patent") was duly and legally reissued on August 23, 2011. A copy of the '643 patent is attached hereto as Exhibit 3.

13. United States Patent No. 5,684,541, entitled "Transmitter Station for Transmitting a Plurality of Television Programs, and Receiver for Receiving the Programs" (hereinafter, "the '541 patent") was duly and legally issued on November 4, 1997. A copy of the '541 patent is attached hereto as Exhibit 4.

14. United States Patent No. 8,115,873, entitled "Object-Based Audio-Visual Terminal and Bitstream Structure" (hereinafter, "the '873 patent") was duly and legally issued on February 14, 2012. A copy of the '873 patent is attached hereto as Exhibit 5.

**THE ATSC STANDARD**

15. The Advanced Television Systems Committee, Inc. ("ATSC") is an international, non-profit organization whose member organizations represent, among others, the broadcast, broadcast equipment, motion picture, consumer electronics, computer, cable, satellite, and semiconductor industries. In the 1990s, the ATSC developed standards for the transmission and reception of digital television.

16. The Federal Communications Commission ("FCC") has adopted certain ATSC standards (the "ATSC Standard") as the required standards for transmitting and receiving digital television ("DTV") in the United States. FCC rules require broadcasters to broadcast DTV signals in compliance with the ATSC Standard, and require DTV receivers (such as television

sets) to be equipped with DTV tuners for receiving, decoding and presenting such DTV signals in compliance with the ATSC Standard. FCC rules also require DTV receivers to be capable of decoding, processing, and displaying closed captioning information that is delivered in the DTV signal.

## CURTIS'S INFRINGEMENT

17. Each of the patents-in-suit is infringed by practice of the ATSC Standard.

18. Curtis makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies in this District and elsewhere in the United States, numerous products which comply with the ATSC Standard ("Curtis's ATSC Products").

19. Curtis advertises that its ATSC Products, including its television sets, comply with the ATSC Standard.

20. Upon information and belief, Curtis's ATSC Products include (but are not limited to) the following television set model numbers: LCD4299A, LCD1992A, LCD1105A, LCD3227A, LCDVD152, LCDVD152AC, LCDVD151A, LCDVD193A, LCDVD322A, LCDVD326A, LCDVD2471A, LCDVD2675A, LED4250A, LEDVD1339A, PLC3708A, PLCD2401A, PLCDV3213A, PLCD3283, PLCD3903A, PLCD3992A, PLCD4692A, PLDED3257A, PLDED3273A, PLDED3996A, PLED1526A, PLED2243A, PLED2694A, PLED3204A, PLED4274A, PLEDV1945A, PLEDV1948A, PLEDV2213A, SDVD7047, and RT700. Without discovery from Curtis, Plaintiffs are not able to ascertain at the pleading stage all Curtis products with ATSC functionality.

21. Curtis has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District

4

and elsewhere in the United States, products, including but not limited to Curtis's ATSC Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

22. Upon information and belief, Curtis has also sold and provided and continues to sell and provide its ATSC Products, directly and/or indirectly, to third parties, including but not limited to customers, users, distributors, and/or resellers (such as retailers) (collectively, "downstream parties").

23. Upon information and belief, the downstream parties directly infringe one or more claims of the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, products, including but not limited to Curtis's ATSC Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

24. Curtis has been put on notice of its infringement.

25. MPEG LA is a company that offers a "one-stop-shop" license for a pool of patents for practicing the ATSC Standard ("ATSC pool license"). Zenith, Panasonic, Philips, and Columbia University are licensors in the ATSC pool license and the '107, '958, '643, '541, and '873 patents are licensed under the ATSC pool license. MPEG LA offers the ATSC pool license on fair, reasonable and nondiscriminatory terms.

26. More than 120 companies have taken the ATSC pool license, including virtually all leading television set sellers that compete with Curtis.

27. In addition, Zenith has committed to individually license the '107 and/or '958 patents, Panasonic has committed to individually license the '643 patent, Philips has committed

to individually license the '541 patent, and Columbia University has committed to individually license the '873 patent; each on fair, reasonable and nondiscriminatory terms.

28. Thus, any company may obtain a license directly from Zenith for the '107 and/or '958 patents, from Panasonic for the '643 patent, from Philips for the '541 patent, and from Columbia University for the '873 patent, or, alternatively, may obtain the ATSC pool license from MPEG LA.

29. MPEG LA offered the ATSC pool license to Curtis on several occasions but Curtis has declined to take the license.

30. Curtis has also not entered into a license under any of the '107, '958, '643, '541, and '873 patents with any of Plaintiffs.

31. In short, notwithstanding the fact that Curtis was and continues to be aware that its products infringed and are infringing the patents-in-suit, Curtis has refused to take a license.

32. Infringement of the patents-in-suit by Curtis is, therefore, willful.

33. For the same reasons, among others, Curtis has known that the acts by downstream parties of making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying Curtis's ATSC Products, in this District and elsewhere in the United States, directly infringe the patents-in-suit.

34. Further, upon information and belief, Curtis has specifically intended to induce, and has induced, downstream parties to infringe the patents-in-suit by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States, its ATSC Products, knowing that the use of these products causes others to infringe Plaintiffs' patents-in-suit. For example, Curtis has advertised, licensed, and/or provided instructions for such products with the specific intent and

encouragement that the downstream parties infringe the patents-in-suit. Also, upon information and belief, Curtis has provided downstream parties with instructions and/or user guides indicating that its products employ the ATSC Standard.

35. Curtis's infringing actions were and are without authority, consent or license.

36. Plaintiffs have each suffered damages as a result of the direct and indirect infringing actions of Curtis, and will continue to suffer such damages as long as those infringing actions continue.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,802,107

37. The allegations contained in paragraphs 1-36 above are repeated and realleged as if fully set forth herein.

38. Zenith is the assignee and owner of the right, title, and interest in and to the '107 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

39. Curtis is, and has been, on notice of the '107 patent since before this lawsuit was filed.

40. Based on, among other things, the facts incorporated by reference in paragraph 37, and alleged in paragraphs 38-39, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '107 patent under 35 U.S.C. § 271.

41. Upon information and belief, the infringement of the '107 patent by Curtis has been willful.

42. Zenith has been damaged and continues to be damaged by Curtis's infringement of the '107 patent.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,629,958

43. The allegations contained in paragraphs 1-36 above are repeated and realleged as if fully set forth herein.

44. Zenith is the assignee and owner of the right, title, and interest in and to the '958 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

45. Curtis is, and has been, on notice of the '958 patent since before this lawsuit was filed.

46. Based on, among other things, the facts incorporated by reference in paragraph 43, and alleged in paragraphs 44-45, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '958 patent under 35 U.S.C. § 271.

47. Upon information and belief, the infringement of the '958 patent by Curtis has been willful.

48. Zenith has been damaged and continues to be damaged by Curtis's infringement of the '958 patent.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. REISSUE 42,643

49. The allegations contained in paragraphs 1-36 above are repeated and realleged as if fully set forth herein.

50. Panasonic is the assignee and owner of the right, title, and interest in and to the '643 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

51. Curtis is, and has been, on notice of the '643 patent since before this lawsuit was filed.

52. Based on, among other things, the facts incorporated by reference in paragraph 49, and alleged in paragraphs 50-51, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '643 patent under 35 U.S.C. § 271.

53. Upon information and belief, the infringement of the '643 patent by Curtis has been willful.

54. Panasonic has been damaged and continues to be damaged by Curtis's infringement of the '643 patent.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 5,684,541

55. The allegations contained in paragraphs 1-36 above are repeated and realleged as if fully set forth herein.

56. Philips is the assignee and owner of the right, title, and interest in and to the '541 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

57. Curtis is, and has been, on notice of the '541 patent since before this lawsuit was filed.

58. Based on, among other things, the facts incorporated by reference in paragraph 55, and alleged in paragraphs 56-57, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '541 patent under 35 U.S.C. § 271.

59. Upon information and belief, the infringement of the '541 patent by Curtis has been willful.

60. Philips has been damaged and continues to be damaged by Curtis's infringement of the '541 patent.

## COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 8,115,873

61. The allegations contained in paragraphs 1-36 above are repeated and realleged as if fully set forth herein.

62. Columbia University is the assignee and owner of the right, title, and interest in and to the '873 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

63. Curtis is, and has been, on notice of the '873 patent since before this lawsuit was filed.

64. Based on, among other things, the facts incorporated by reference in paragraph 61, and alleged in paragraphs 62-63, Curtis has and continues to directly infringe and/or indirectly infringe by inducement, literally and/or under the doctrine of equivalents, the '873 patent under 35 U.S.C. § 271.

65. Upon information and belief, the infringement of the '873 patent by Curtis has been willful.

66. Columbia University has been damaged and continues to be damaged by Curtis's infringement of the '873 patent.

## EXCEPTIONAL CASE

67. The allegations contained in paragraphs 1-66 above are repeated and realleged as if fully set forth herein.

68.     Based on, among other things, the facts alleged in paragraphs 1-66, including Curtis's intentional use of the ATSC Standard, Curtis's knowledge of its infringement and its downstream parties' infringement, and Curtis's continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Plaintiffs are entitled to their reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

A.  Declaring that Curtis has infringed U.S. Patent Nos. 5,802,107, 5,629,958, RE 42,643, 5,684,541, and 8,115,873;

B.  Awarding Plaintiffs damages adequate to compensate for Curtis's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

C.  Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

D.  Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all claims and all issues properly triable thereby.

Dated:  June 4, 2013               Respectfully submitted,

                                   PROSKAUER ROSE LLP
                                   2255 Glades Road, Suite 421 Atrium
                                   Boca Raton, FL 33431
                                   Telephone: (561) 241-7400
                                   Facsimile:  (561) 241-7145

                                   /s/ Matthew Triggs
                                   Matthew Triggs
                                   Florida Bar No. 0865745
                                   mtriggs@proskauer.com

                                   PROSKAUER ROSE LLP
                                   Steven M. Bauer*
                                   Justin J. Daniels*
                                   One International Place
                                   Boston, MA 02110
                                   (617) 526-9600

                                   * pro hac admission to be sought

                                   Attorneys for Plaintiffs