UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:13-cv-80568-DMM

ZENITH ELECTRONICS LLC, PANASONIC
CORPORATION, U.S. PHILIPS
CORPORATION, and THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY OF
NEW YORK,

       Plaintiffs,

v.

CURTIS INTERNATIONAL, LTD.

       Defendant.
_____/

# DEFENDANT CURTIS INTERNATIONAL, LTD.'S
# ANSWER AND AFFIRMATIVE DEFENSES

Defendant Curtis International, Ltd. ("Curtis"), by undersigned counsel, hereby responds to each of the numbered paragraphs in the Complaint filed against it by Plaintiffs Zenith Electronics LLC ("Zenith"), Panasonic Corporation ("Panasonic"), U.S. Philips Corporation ("Phillips"), and The Trustees of Columbia University in the City of New York ("Columbia University") (collectively, the "Plaintiffs") as follows:

## ANSWER

1. With respect to paragraph 1 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

1

2. With respect to paragraph 2 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3. With respect to paragraph 3 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. With respect to paragraph 4 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. With respect to paragraph 5 of the Complaint, Curtis admits that it is incorporated under the laws of Ontario, Canada with a principal place of business in Toronto, Ontario, Canada.

6. With respect to paragraph 6 of the Complaint, Curtis admits that this action purportedly arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., but denies that Plaintiffs are entitled to any relief arising thereunder, and denies all remaining allegations in paragraph 6 of the Complaint.

7. With respect to paragraph 7 of the Complaint, Curtis admits that this Court has subject matter jurisdiction over actions purportedly arising under the Patent Laws of the United States, but denies that Plaintiffs are entitled to any relief arising thereunder, and denies all remaining allegations in paragraph 7 of the Complaint.

8. With respect to paragraph 8 of the Complaint, Curtis denies that venue is proper in this District.

9. With respect to paragraph 9 of the Complaint, Curtis admits that it has conducted a minimal amount of business in the State of Florida, and denies all other allegations in paragraph 9 of the Complaint.

10. With respect to paragraph 10 of the Complaint, Curtis admits that U.S. Patent No. 5,802,107 ("the '107 patent") was issued on September 1, 1998, and is entitled "Symbol Rotator." Curtis admits that Plaintiffs have attached a copy of the '107 patent as Exhibit 1 to the Complaint. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. With respect to paragraph 11 of the Complaint, Curtis admits that U.S. Patent No. 5,629,958 ("the '958 patent") was issued on May 13, 1997, and is entitled "Data Frame Structure and Synchronization System for Digital Television Signal." Curtis admits that Plaintiffs have attached a copy of the '958 patent as Exhibit 2 to the Complaint. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. With respect to paragraph 12 of the Complaint, Curtis admits that U.S. Patent No. Reissue 42,643 ("the '643 patent") was reissued on August 23, 2011, and is entitled "Communication System." Curtis admits that Plaintiffs have attached a copy of the '643 patent as Exhibit 3 to the Complaint. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. With respect to paragraph 13 of the Complaint, Curtis admits that U.S. Patent No. 5,684,541 ("the '541 patent") was issued on November 4, 1997, and is entitled "Transmitter Station for Transmitting a Plurality of Television Programs, and Receiver for Receiving the

Programs." Curtis admits that Plaintiffs have attached a copy of the '541 patent as Exhibit 4 to the Complaint. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. With respect to paragraph 14 of the Complaint, Curtis admits that U.S. Patent No. 8,115,873 ("the '873 patent") was issued on February 14, 2012, and is entitled "Object-Based Audio-Visual Terminal and Bitstream Structure." Curtis admits that Plaintiffs have attached a copy of the '873 patent as Exhibit 5 to the Complaint. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. With respect to paragraph 15 of the Complaint, Curtis admits that the Advanced Television Systems Committee, Inc. ("ATSC") developed standards for the transmission and reception of digital television. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. With respect to paragraph 16 of the Complaint, Curtis admits that the Federal Communications Commission ("FCC") has adopted ATSC standards in the United States requiring DTV receivers to be equipped with DTV tuners in compliance with ATSC standards. Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore denies the same.

17. With respect to paragraph 17 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. With respect to paragraph 18 of the Complaint, Curtis admits that it makes, offers to sell, sells, and imports products in the United States which comply with ATSC standards, and denies all other allegations in paragraph 18 of the Complaint.

19. With respect to paragraph 19 of the Complaint, Curtis admits that it advertises that some of its products contain parts that are compliant with ATSC standards, and denies all other allegations in paragraph 19 of the Complaint.

20. With respect to paragraph 20 of the Complaint, Curtis admits that the allegations in paragraph 20 identify several of Curtis' product model numbers, and denies all other allegations in paragraph 20 of the Complaint.

21. Curtis denies the allegations in paragraph 21 of the Complaint.

22. With respect to paragraph 22 of the Complaint, Curtis admits that it has sold and continues to sell products to third parties containing parts that are compliant with ATSC standards, and denies all other allegations in paragraph 22 of the Complaint.

23. With respect to paragraph 23 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint, and therefore denies the same.

24. With respect to paragraph 24 of the Complaint, Curtis was served with a copy of the Complaint on July 12, 2013, and denies all other allegations in paragraph 24 of the Complaint.

25. With respect to paragraph 25 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies the same.

26. With respect to paragraph 26 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27. With respect to paragraph 27 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28. With respect to paragraph 28 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29. With respect to paragraph 29 of the Complaint, Curtis and MPEG LA discussed an ATSC pool license, and Curtis denies all other allegations in paragraph 29 of the Complaint.

30. With respect to paragraph 30 of the Complaint, Curtis admits that Curtis has not entered into a license under any of the patents-in-suit with any of the Plaintiffs, and denies all other allegations in paragraph 30 of the Complaint.

31. Curtis denies the allegations in paragraph 31 of the Complaint.

32. Curtis denies the allegations in paragraph 32 of the Complaint.

33. Curtis denies the allegations in paragraph 33 of the Complaint.

34. Curtis denies the allegations in paragraph 34 of the Complaint.

35. Curtis denies the allegations in paragraph 35 of the Complaint.

36. Curtis denies the allegations in paragraph 36 of the Complaint.

## COUNT I

37. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-36 of the Complaint.

38. With respect to paragraph 38 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint, and therefore denies the same.

39. Curtis denies the allegations in paragraph 39 of the Complaint.

40. Curtis denies the allegations in paragraph 40 of the Complaint.

41. Curtis denies the allegations in paragraph 41 of the Complaint.

42. Curtis denies the allegations in paragraph 42 of the Complaint.

## COUNT II

43. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-36 of the Complaint.

44. With respect to paragraph 44 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint, and therefore denies the same.

45. Curtis denies the allegations in paragraph 45 of the Complaint.

46. Curtis denies the allegations in paragraph 46 of the Complaint.

47. Curtis denies the allegations in paragraph 47 of the Complaint.

48. Curtis denies the allegations in paragraph 48 of the Complaint.

## COUNT III

49. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-36 of the Complaint.

50. With respect to paragraph 50 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint, and therefore denies the same.

51. Curtis denies the allegations in paragraph 51 of the Complaint.

52. Curtis denies the allegations in paragraph 52 of the Complaint.

53. Curtis denies the allegations in paragraph 53 of the Complaint.

54. Curtis denies the allegations in paragraph 54 of the Complaint.

## COUNT IV

55. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-36 of the Complaint.

56. With respect to paragraph 56 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Complaint, and therefore denies the same.

57. Curtis denies the allegations in paragraph 57 of the Complaint.

58. Curtis denies the allegations in paragraph 58 of the Complaint.

59. Curtis denies the allegations in paragraph 59 of the Complaint.

60. Curtis denies the allegations in paragraph 60 of the Complaint.

## COUNT V

61. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-36 of the Complaint.

62. With respect to paragraph 62 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint, and therefore denies the same.

63. Curtis denies the allegations in paragraph 63 of the Complaint.

64. Curtis denies the allegations in paragraph 64 of the Complaint.

65. Curtis denies the allegations in paragraph 65 of the Complaint.

66. Curtis denies the allegations in paragraph 66 of the Complaint.

67. Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-66 of the Complaint.

68. Curtis denies the allegations in paragraph 68 of the Complaint.

## PLAINTIFFS' REQUEST FOR RELIEF

Curtis denies any other allegations in the Complaint that have not been specifically admitted herein, and further denies that Plaintiffs are entitled to the relief they seek or any relief at all for the allegations made in the Complaint.

## AFFIRMATIVE DEFENSES

Curtis hereby asserts the following affirmative defenses without prejudice to Curtis' right to modify or withdraw any defense and/or assert additional defenses subject to information obtained through the formal discovery process.

## FIRST AFFIRMATIVE DEFENSE

Curtis has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '107 patent, the '958 patent, the '643 patent, the '541 patent, or the '873 patent (collectively, the "Patents-in-Suit").

## SECOND AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 USC § 101 because the alleged inventions respectively claimed in the Patents-in-Suit are non-useful and/or inoperative.

## THIRD AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 102 because the alleged inventions respectively claimed in the

Patents-in-Suit were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the named patentee.

### FOURTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 102 because the alleged inventions respectively claimed therein were patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of any application for the Patents-in-Suit in the United States.

### FIFTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 102 because the inventors respectively named in the Patents-in-Suit abandoned the inventions.

### SIXTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid as the alleged inventions respectively claimed in the Patents-in-Suit were first patented or caused to be patented, or were the subject of an inventor's certificate, by the named patentees or their legal representatives or assigns in a foreign country prior to the respective date of the applications for the Patents-in-Suit in this country on an application for patent or inventor's certificate filed more than one year before the filing of the respective application that matured into the Patents-in-Suit in the United States.

### SEVENTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid under 35 U.S.C. § 102 because the alleged inventions respectively claimed in the Patents-in-Suit were described in a patent or published application for patent by another filed in the United States before the invention thereof by the applicant for patent.

### EIGHTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid under 35 U.S.C. § 102 because the respectively named patentee did not invent the subject matter sought to be patented in the Patents-in-Suit.

### NINTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid under 35 U.S.C. § 102 because, before the applicant's alleged invention of the subject matter respectively claimed in the Patents-in-Suit, the invention was made in this country by another who had not abandoned, suppressed or concealed it.

### TENTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 103 because any differences between the subject matter sought to be respectively patented in the Patents-in-Suit and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

### ELEVENTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 112 because the respectively alleged invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same.

### TWELFTH AFFIRMATIVE DEFENSE

The Patents-in-Suit and each and every claim thereof are invalid for failure to comply with the best mode requirement of 35 U.S.C. § 112.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Patents-in-Suit are invalid for failure to comply with the provisions of 35 U.S.C. § 112 because the claims therein fail to particularly point out and distinctly claim the respective subject matter which the applicant regards as the alleged invention.

### FOURTEENTH AFFIRMATIVE DEFENSE

Curtis does not infringe any claim of the Patents-in-Suit and Plaintiffs are estopped from asserting any infringement thereof by virtue of the fact that during the respective proceedings relating to the issuance of the Patents-in-Suit or their respective predecessors in the U.S. Patent Office, the admissions, representations and amendments made by the alleged patentee(s) and/or their attorneys prevent a construction of the claims of the Patents-in-Suit broad enough to encompass any product allegedly made, used, sold, offered for sale, or imported by Curtis.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the provisions of 35 U.S.C. § 287.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have come to Court with unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to state a claim upon which relief can be granted and Plaintiffs' claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any injury or damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any injury or damages they may have suffered.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to equitable relief because it has an adequate remedy at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Curtis asserts that any damages that Plaintiffs may be entitled to recover pursuant to their claims are limited by the time limitation provisions of 35 U.S.C. § 286.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Curtis asserts that any damages that Plaintiffs may be entitled to recover pursuant to their claims are limited by the notice requirements of 35 U.S.C. § 287.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

One or more of the Plaintiffs lack standing to assert or enforce the Patents-in-Suit.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more required parties to the above-styled action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more real parties in interest to the above-styled action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not real parties in interest to the above-styled action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Curtis asserts that venue is not proper in the instant forum, or, venue is more appropriate in a judicial district other than this judicial district.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the exhaustion and first sale doctrines.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and this Court lack *in personam* jurisdiction over Curtis pursuant to 28 USC § 1391 and the long-arm jurisdiction of the State of Florida.

DATED:  August 30, 2013

                    Respectfully submitted,

                    <u>/s/ *Richard Guerra*</u>
                    James A. Gale
                    Florida Bar No. 371726
                    Email: jgale@feldmangale.com
                    Richard Guerra
                    Florida Bar No. 689521
                    Email: rguerra@feldmangale.com
                    **Feldman Gale, P.A.**
                    *Counsel for Defendant*
                    One Biscayne Tower, Suite 3000
                    Two South Biscayne Boulevard
                    Miami, FL 33131
                    Telephone No.  (305) 358-5001
                    Facsimile No.  (305) 358-3309

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 30, 2013, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

s/ *Richard Guerra*
Richard Guerra

### SERVICE LIST

*Zenith Electronics, LLC v. Curtis International, Ltd.*
**Case No.: 13-CV-80568-DMM**
**United States District Court, Southern District of Florida**

PROSKAUER ROSE, LLP
Matthew H. Triggs, Esq.
E-mail: mtriggs@proskauer.com
Payal Salsburg, Esq.
E-mail: psalsburg@proskauer.com
One Boca Place
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

PROSKAUER ROSE, LLP
Steven M. Bauer
E-mail: sbauer@proskauer.com
(*admitted pro hac vice*)
Justin J. Daniels
E-mail: jdaniels@proskauer.com
(*admitted pro hac vice*)
One International Place
Boston, MA 02110

*Counsel for Plaintiffs*