# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. Civil Action No. 9:13-cv-80567-DMM
### (Consolidated for Pretrial)

| | |
|---|---|
| ZENITH ELECTRONICS LLC, PANASONIC CORPORATION, U.S. PHILIPS CORPORATION, and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK<br><br>　　　　　*Plaintiffs*,<br><br>v.<br><br>CRAIG ELECTRONICS INC.,<br><br>　　　*Defendant*. | Civil Action No. 9:13-cv-80567-DMM<br><br>JURY TRIAL DEMANDED |
| ZENITH ELECTRONICS LLC, PANASONIC CORPORATION, U.S. PHILIPS CORPORATION, and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>　　　　　*Plaintiffs*,<br><br>v.<br><br>CURTIS INTERNATIONAL LTD.,<br><br>　　　*Defendant*. | Civil Action No. 9:13-cv-80568-DMM<br><br>JURY TRIAL DEMANDED |
| ZENITH ELECTRONICS LLC, PANASONIC CORPORATION, U.S. PHILIPS CORPORATION, and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>　　　　　*Plaintiffs*,<br><br>v.<br><br>VIEWSONIC CORPORATION (alternatively named VIEWSONIC DISPLAY CO.),<br><br>　　　*Defendant*. | Civil Action No. 9:13-cv-80570-DMM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOUR-PAGE SUR-REPLY
MEMORANDUM REGARDING CURTIS'S MOTION TO TRANSFER VENUE**
(Case No. 9:13-cv-80568-DMM only)

Local Rule 7.1(c) provides that "a reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." Pursuant to L.R. 7.1(c), Plaintiffs move for leave to file a four-page sur-reply to respond to new factual allegations and changes of position made by defendant Curtis International Ltd. ("Curtis") in its reply brief [DE 42] on its Motion to Transfer Venue from this Court to the Central District of California ("Reply") [DE 35].

1.  <u>For the first time in its Reply, Curtis identifies non-parties which it says manufactured some parts of the accused products, and which it contends have offices in California, even though three days before, in Curtis's initial disclosures, it did not mention any of them</u>. *See* Reply at 4-5. In their sur-reply, Plaintiffs show that Curtis's claims about the supposed connections of these non-parties to California, or about the conclusory relevance of their alleged material, are not supported by the facts.

2.  <u>For the first time in its Reply, Curtis contends that an important basis for Plaintiffs' decision to bring this case in Florida – that personal jurisdiction also would lie here against an unrelated party in a different lawsuit (namely, Craig) – should be disregarded because California also has personal jurisdiction over Craig</u>. *See* Reply at 8, n.8. However, in their sur-reply, Plaintiffs show that the only basis for Curtis's claim is evidence it submits of two Craig *resellers* on Amazon and eBay, not Craig itself, having no apparent connection to Craig. Further, Curtis is in no position to argue personal jurisdiction of an unrelated party (Craig), which has not challenged personal jurisdiction in this court, or moved to transfer.

3.  <u>Plaintiffs would also like to point out in their sur-reply that Curtis now concedes that when someone travels from overseas there is no significant relative inconvenience, for purposes of venue, in traveling to one U.S. location versus another – thus undercutting Curtis's original contention that one forum is better than another for overseas travel</u>. *See* Reply at 2.

Although the Court has every right to disregard Curtis's new arguments, *see, e.g.*, *Dasilva v. Lamberti*, Case No. 08-62106-CIV, 2009 WL 3617991, at *2 (S.D. Fla. Oct. 29, 2009) (disregarding portions of reply memorandum raising new arguments); *Martinez v. Weyerhaeuser Mtg. Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) (same), should it decide to consider them, out of fairness Plaintiffs should have an opportunity to respond, *see Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001).

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed sur-reply memorandum, a copy of which is submitted herewith as Exhibit 1.

### L.R. 7.1(a)(3) Certificate of Counsel

I hereby certify that, prior to filing this motion, Plaintiffs' counsel conferred with counsel for Curtis, who opposes the requested relief.

Dated: October 9, 2013                                                  Respectfully submitted,

PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145

/s/ *Payal Salsburg*
Matthew Triggs
Florida Bar No. 0865745
mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 0057038
psalsburg@proskauer.com

PROSKAUER ROSE LLP
Steven M. Bauer (*pro hac vice*)
Justin J. Daniels (*pro hac vice*)
One International Place
Boston, MA 02110
(617) 526-9600

*Attorneys for Plaintiffs*

**Certificate of Service**

      I hereby certify that on this 9th day of October, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will furnish an electronic copy to all counsel listed on the Service List below.

                                       /s/ *Payal Salsburg*

**SERVICE LIST**

Ury Fischer
Adam Diamond
LOTT & FISCHER
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134-1098
Telephone: 305-448-7089
Facsimile: 305-446-6191
*Attorneys for Defendants Craig Electronics Inc.*
*and ViewSonic Corp.*

Scott W. Hejny
Michael P. Fritz
MCKOOL SMITH
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: 214-978-4000
Facsimile:  214-978-4044
*Attorneys for Defendant Curtis International Ltd.*

Samuel O. Patmore
Jay B. Shapiro
STEARNS WEAVER
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305-789-3200
Facsimile:  305-789-3395
*Attorneys for Defendant Curtis International Ltd.*

Kenneth R Adamo
Ryan M. Hubbard
Ya-Chiao Chang
KIRKLAND & ELLIS, LLP
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 214-969-5100
*Attorneys for Defendant ViewSonic Corp.*